## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ELECTRIC INSURANCE COMPANY,** | ) | **Case No. 1:19-cv-1082** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **(Hon. Timothy S. Black)** |
| **-v-** | ) | |
| | ) | |
| **HAMILTON COUNTY, OHIO,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order") is submitted by Plaintiff Electric Insurance Company ("EIC" or "Plaintiff"), and Defendants, Hamilton County, Ohio and Board of Commissioners for Hamilton County Ohio (the "County"), Defendant Asplundh Tree Expert Co. ("Asplundh"), and Defendant Davey Tree Expert Co. ("Davey") (collectively the "Parties").

## RECITALS

**WHEREAS**, to promote the efficient administration of this case and to adequately protect information and material entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, the undersigned parties jointly submit this Protective Order, which shall govern the production and treatment of confidential material (as defined herein) in this Action.

**WHEREAS**, the Parties recognize that during the course of this action (the "Action"), it may be necessary to disclose trade secrets or non-public commercial, research, financial, process, marketing or business information or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the Court has considered the principles set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), regarding the importance of the Court's involvement in and review of the Protective Order; and

**WHEREAS**, the parties desire to minimize the necessity for objections and motions and to facilitate the flow of information relevant to this Action without piecemeal motions for protective orders or other unnecessary discovery motions;

Accordingly, pursuant to Rule 26(c), Federal Rules of Civil Procedure, it is hereby:

**ORDERED** and **ADJUDGED** that this Protective Order shall govern the production and handling of information exchanged by both the Parties and by third parties in these proceedings as follows:

1.     This Protective Order is entered for the purpose of the Parties exchanging confidential documents and information in connection with this litigation.  This Protective Order also shall apply to and govern the production of confidential documents by third parties in connection with the litigation.  The Protective Order is necessary because some documents produced hereunder contain information protected from disclosure by law, confidential information, trade secrets, proprietary work product, or commercially sensitive information, disclosure of which could result in violation of law, or harm to individual consumers, third parties, or the Parties.

2.     For purposes of this Protective Order, the term "document" as used herein includes all documents and things as described in Rule 34(a) of the Federal Rules of Civil Procedure.  A "Confidential Document" means any document which bears the legend (or which otherwise brings it to the attention of a reasonable examiner):  **"Confidential."**  Confidential Documents must be designated as such concurrently with the disclosure of the documents. "Confidential Information"

- 2 -

means any oral or non-documentary information designated confidential at any deposition or hearing, or in writing within twenty days of such deposition or hearing by the declarant or his or her counsel; provided that any designation of oral or non-documentary information as confidential must be specific as to the portion to be protected. "Confidential Materials" means Confidential Documents and/or Confidential Information.

3.     Documents provided by any Party or third party pursuant to this Protective Order that are deemed and denominated by any Party or producing third party as "Confidential" pursuant to this Protective Order shall be deemed to be Confidential Material, unless and until that designation is challenged pursuant to paragraph 4, below.  Confidential Material may be designated as such by affixing to the material the legend "Confidential" or "Confidential-Attorney's Eyes Only."  The failure to designate any documents with such legend shall not constitute a waiver by any Party or producing third party of the right to assert that such documents contain protected Confidential Material.  In the event that any Party or third party produces Confidential Material without designating it as such, the producing Party or third party may notify the receiving Parties that the documents or information should have been designated Confidential Material, and the Parties will treat the documents as Confidential Material under this Protective Order.  Disclosure, prior to receipt of such notice, of such Confidential Material to persons not authorized to receive Confidential Material shall not be deemed a violation of this Protective Order.  Confidential Material shall only mean and shall be limited to the documents produced in this Action marked with a Bates Stamp number or a native format document tracked with a hashtag value or the like.  In the event a Party obtains a duplicate copy of a document produced in discovery in this litigation from a publicly available source, the Party acquiring the document shall not be

required to comply with the terms of this Order regarding the use of the duplicate document, and the use of such duplicate document shall not be subject to the provisions of the Order.

4.      A Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.   In the event that any Party disagrees at any stage of these proceedings with the confidentiality designation by the producing Party or third party, the Parties shall first try to dispose of such dispute in good faith on an informal basis.  If after fifteen (15) days the dispute cannot be resolved, the Party objecting to the designation may, at any time thereafter, seek appropriate relief from the Court in which this Action is pending.  The challenged designation shall be maintained and shall remain in full force and effect pending the Court's determination on the challenged designation.

5.      All Confidential Material provided pursuant to this Protective Order is provided solely and exclusively for purposes of litigating this Action.  Absent further written agreement between the Parties or further court order, all such materials shall be maintained confidential pursuant to this Protective Order and shall not be disclosed, discussed, or in any way divulged to any person for any other purpose, except as permitted under this Protective Order.

6.      Confidential Materials, or copies or extracts of Confidential Materials, or compilations and summaries of Confidential Materials, may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons (each an "Authorized Person"):

       a.      Counsel for the parties or their agents;

       b.      The Parties;

- 4 -

      c.      The parties' experts and their agents for the purpose of assisting in the preparation of the case or for the purpose of testifying by deposition or at the trial of this matter;

      d.      Actual or proposed witnesses;

      e.      Court personnel;

      f.      Any party's internal public auditor, regulator, or other governmental entity with jurisdictional authority over the recipient;

      g.      Any insurance company potentially responsible for indemnifying a party for defense costs or a judgment in this proceeding;

      h.      Any arbitrator or mediator if this case is submitted to arbitration or mediation; or

      i.      Other persons whom the attorneys deem reasonably necessary to review the Confidential Materials for the prosecution or defense of this Action.

Nothing in this Protective Order restricts the use of Confidential Materials during trial, subject to an objection of a Party opposing the introduction of Confidential Materials as evidence during trial. Each person who is permitted to see or is informed of Confidential Materials must be shown a copy of this Protective Order and must be advised, by counsel showing the person Confidential Materials, of this Protective Order and each person's obligation to maintain the Confidential designation. For each such person, counsel must document in written form (Attachment A) that he or she has advised that person in accordance with this paragraph. The Parties shall keep all of their respective Agreements to Maintain Confidentiality containing original signatures.

Confidential Materials designated as "Confidential-Attorney's Eyes Only" may only be shown to or shared with (a) the Court and personnel assisting the Court in this Action, including Court Reporters and stenographic or clerical personally and (b) the Parties' counsel, including in-house counsel. Confidential Material designated as "Confidential-Attorney's Eyes Only" shall not

be disclosed or communicated in any manner, either directly or indirectly, to any other persons, except with the express written consent of the Producing Party.

7.      Individuals other than those set forth in Paragraph 6 to whom such confidential documents or information are shown, furnished, or otherwise disclosed, shall be first shown a copy of this Protective Order, and then shall sign the document in the form of Exhibit A hereto.  Counsel shall retain the signed acknowledgement form, and, upon demand, shall permit opposing counsel to inspect and copy the same, provided disclosure is not inconsistent with provisions of the Federal Rules of Civil Procedure.

8.      Individuals authorized to review Confidential Materials provided to them under Paragraph 6 and 7 shall hold the Confidential Materials in confidence and shall not divulge the Confidential Materials, either verbally or in writing, to any other person, entity, or government agency unless authorized by court order.

9.      The Party or Party's counsel who discloses the Confidential Materials pursuant to Paragraph 6 and 7 shall be responsible for assuring compliance with the terms of this Protective Order with respect to each such person.

10.      No copies of Confidential Materials shall be made except by or on behalf of counsel in this litigation, and such copies shall be made and used solely for purposes of this litigation.

11.      It is specifically understood and agreed to by the Parties that any Confidential Materials so designated pursuant to this Protective Order may only be used for the specific purposes of this Action and not for the business purposes of the Parties.

12.      If any other person or entity demands, by subpoena or other judicial process, or by operation of law production of documents produced and marked as Confidential pursuant to this Protective Order, the Party receiving such demand shall promptly notify the producing Party or

- 6 -

third party of such demand. At its option, the producing Party or third party may elect to challenge the demand and assert any applicable protections. The objecting Party or third party shall notify the other Parties hereto and issuing court or tribunal of its challenge as required by law, the subpoena, or other judicial process. The burden of proving that Confidential Material is entitled to protection from disclosure shall be with the Party or third party making the claim of confidentiality. When such a challenge is made, the Party who received the demand shall not produce any Confidential Material in the absence of consent by the producing Party or third party or an order by the issuing court or tribunal compelling production.

13.     The Parties hereto shall not contend or assert that a Party's production of Confidential Material pursuant to this Protective Order in any way acts as a waiver of any privilege, work product doctrine, or discovery or evidentiary objections by the producing Party, or otherwise entitles the receiving Party to obtain or use Confidential Material in a manner contrary to this Protective Order. In the event any party, who has designated a document (the "Designating Party") as Confidential Material pursuant to this Order, wishes to file under seal the Confidential Material, the Designating Party shall first consult with the Non-Designating Party as soon as reasonably practicable to determine whether agreement may be reached on an informal basis. After consulting with the Non-Designating Party, the Designating Party shall as soon as reasonably practicable file a motion with the Court demonstrating good cause for the sealing with a request that the Confidential Material be filed under seal pursuant to Court rules and remain under seal until such time as the Court orders otherwise. The Court will then determine whether the document should be filed under seal and enter an appropriate order. In the event a Non-Designating Party wants to include in a court filing Confidential Material, which will not be the subject of a motion by the Non-Designating Party seeking the Court's permission to file the document under seal, the Non-

Designating Party must give the Designating Party at least 5 days advance notice to allow the Designating Party to file its own motion seeking a Court determination of whether the document should be filed under seal. The Non-Designating Party must not file the Confidential Material with the Court until the Court has ruled upon the Designating Party's motion to file under seal. Any dispositive motion deadline pertaining to the Non-Designating Party's motion shall be automatically extended by the number of calendar days equal to the number of calendar days measured from the date that the Non-Designating Party provided advance notice of its desire to include Confidential Material in the dispositive motion at issue to the Designating Party through and including the date upon which the Court issues its ruling upon the Designating Party's motion to file the same under seal. In the event the Designating Party fails to file a motion to seal within 5 days after notification by the Non-Designating Party of its intent to file Confidential Material, the Non-Designating Party shall not then be required to file the Confidential Material under seal and may proceed to file the same with the Court. Any Confidential Material filed under seal shall remain under seal until such time as the Court orders otherwise. Notwithstanding anything stated herein to the contrary, the Court, and not the parties, shall determine which documents may be filed under seal; this Protective Order does not authorize the filing of Confidential Material under seal; and no document may be filed with the Court under seal without the prior permission of the Court as to each such filing.

14. Nothing in this Protective Order confers upon the Parties any further right or access to documents or information not provided by the other Parties, including but not limited to any documents a Party or third party withholds on the basis of any applicable privilege or immunity, regardless of whether such withheld document(s) may otherwise qualify as Confidential Material if produced rather than withheld. With respect to Confidential Material produced, each Party

reserves its rights under this Protective Order, and otherwise under law. Any documents withheld on this basis or any other basis must be identified on a privilege log to be provided by the Party or third party asserting the privilege or other protection within two weeks of the date the document(s) would have been produced had it not been privileged or otherwise protected from disclosure.

15.     Within sixty (60) days after final adjudication of this Action, including any resolution through settlement, unless otherwise agreed to in writing by Counsel for all Parties, the Parties shall either (a) assemble and return all Confidential Materials, including all copies thereof, to the producing Party or third party, or (b) certify in writing that all such information has been destroyed. The persons and entities identified in subparagraphs 6(a)-(i) may retain copies of any Confidential Material produced to them as reasonably necessary to comply with future requests for review by reinsurers, auditors, regulators, or as necessary to exercise or enforce any subrogation rights, or as necessary to meet other business requirements. When such retention is no longer needed, such persons and entities shall return to the producing Party the retained documents or destroy those documents in accordance with their standard document or data destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order. Any person or entity retaining such Confidential Material shall maintain its confidentiality in accordance with this Protective Order until such documents are returned or destroyed. The Parties' counsel are also permitted to retain copies of Confidential Material provided to them in the course of their representation of the Parties. This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Protective Order, or to work product generated by counsel. The Parties further agree that all documents generated by them that summarize or otherwise include Confidential Material are governed by all other sections and subsections of this Order. To the

extent any Party retains any Confidential Material pursuant to a separate written agreement, the terms of this Protective Order will continue to govern.

16.     To enforce rights under this Protective Order or in the event of an alleged violation of this Protective Order, the Parties and/or any producing third party shall first seek to resolve the alleged violation through prompt and reasonable discussion.  In the event such efforts fail to promptly resolve the alleged violation, the Parties and/or any producing third party reserve the right to seek relief from the Court in the Action for, inter alia, money damages, injunctive relief, or any other relief as appropriate.

17.     Pursuant to Federal Rule of Evidence 502(d), the production of information that is subject to the attorney-client privilege, work product doctrine, or other claimed privileges, doctrines, exemptions, or restrictions that the producing Party might cite in good faith as a basis for withholding such information from production to any other Party shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any otherwise applicable privilege or protection.  The Parties shall not have to meet the requirements of Fed. R. Evid. 502(b)(1)-(3).  The Parties' production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine, or any applicable privilege as to any other third party.  Furthermore, in the event that a Party or third party produces attorney-client privileged or otherwise privileged documents or information, or other documents protected by law from disclosure even under a Protective Order, and if the Party or third party subsequently notifies the receiving Party that the privileged documents or information should not have been produced, the receiving Party shall immediately return the originals and all copies of the inadvertently produced privileged documents and information.

18.     The Protective Order shall be binding upon and inure to the benefit of the Parties hereto, their affiliates, their representatives, and the Parties' respective successors or assigns.  No Party may assign any right or delegate any duty under this Protective Order other than to an affiliate without the other Party's prior written consent.

19.     All notices required to be given under the Protective Order shall be in writing and delivered to the addressees set forth below.  Written notice shall be sent via e-mail or by overnight delivery.


If to Plaintiff EIC:                     William N. Minor
                                         KEATING MUETHING & KLEKAMP PLL
                                         One East Fourth Street, Suite 1400
                                         Cincinnati, OH 45202
                                         Phone: (513) 579-6400
                                         Fax: (513) 579-6457
                                         wminor@kmklaw.com
                                         *Counsel for Plaintiff*


If to Defendant the County:              David T. Stevenson
                                         Assistant Prosecuting Attorneys
                                         230 E. 9th Street, Suite 4000
                                         Cincinnati, OH 45202
                                         Dave.Stevenson@hcpros.org


If to Defendant Asplundh:                Patrick Kasson (0055570)
                                         REMINGER CO., L.P.A.
                                         200 Civic Center Drive, Suite 800
                                         Columbus, Ohio 43215
                                         (614) 228-1311; FAX: (614) 232-2410
                                         Email: pkasson@reminger.com
                                         *Counsel for Defendant Asplundh Tree Expert Co.,
                                         LLC*

If to Defendant Davey:                 Michelle L. Casper, Ohio Bar No. 0091321
                                       SMITHAMUNDSEN LLC
                                       150 North Michigan Avenue, Suite 3300
                                       Chicago, Illinois 60601-7524
                                       Telephone: 312.894.3200
                                       Facsimile: 312.894.3210
                                       MCasper@salawus.com
                                       *Attorney for Defendant, The Davey Tree*
                                       *Expert Company*


        20.     Nothing contained in this Confidentiality Stipulation and Agreement, and no action

taken pursuant to it, will prejudice the right of any Party to contest the alleged relevancy,

admissibility, or discoverability of the documents and information sought.

        SO ORDERED this  2nd  day of    December    , 2020.



                                       Timothy S. Black
                                       _____
                                       Timothy S. Black, U.S. District Court Judge

STIPULATED AND AGREED:


/s/ William N. Minor
William N. Minor (0084153)
Taylor V. Trout (0093886)
Collin L. Ryan (0095810)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
wminor@kmklaw.com
ttrout@kmklaw.com
cryan@kmklaw.com

*Attorneys for Plaintiff, Electric Insurance
Company*


/s/ Alex F. Freitag per email authorization dated
06/22/2020
Michelle L. Casper, Esq.
Alex F. Freitag, Esq.
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois  60601-7524
mcasper@salawus.com
afreitag@salawus.com

*Attorneys for Defendant, The Davey Tree
Expert Company*


/s/ David T. Stevenson per email
authorization dated 06/25/2020
David T. Stevenson, Esq.
Eric Munas, Esq.
Assistant Prosecuting Attorneys
Hamilton County Prosecutor's Office
230 E. 9th Street, Suite 4000
Cincinnati, Ohio 45202
dave.stevenson@hcpros.org
eric.munas@hcpros.org

*Attorneys for Defendants
Hamilton County, Ohio and the
Board of County Commissioners
of Hamilton County, Ohio*


/s/ D. Patrick Kasson per email
authorization dated 06/24/2020
D. Patrick Kasson, Esq.
Reminger Co., LPA
200 South Civic Center Drive, Suite
800
Columbus, Ohio 43215
pkasson@reminger.com

*Attorney for Defendant
Asplundh Tree Expert Co., LLC*


10035855.1

- 13 -

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

**WESTERN DIVISION**

| | | |
|---|---|---|
| **ELECTRIC INSURANCE COMPANY,** | ) | **Case No. 1:19-cv-1082** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **(Hon. Timothy S. Black)** |
| **-v-** | ) | |
| | ) | |
| **HAMILTON COUNTY, OHIO,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**<u>CONFIDENTIALITY AGREEMENT</u>**

I hereby acknowledge that I have been provided and have read a copy of the Stipulated Protective Order, (the "Protective Order"), a copy of which is annexed hereto, in the above reference matter, which is now pending in the Southern District of Ohio, Western Division (the "Court"). I understand that any Confidential Material within the meaning of the Protective Order shown to me is confidential, shall be used by me only as provided in the Protective Order, and shall not be disclosed by me unless expressly permitted under the Protective Order. I agree to be bound by the terms and conditions of the Protective Order. I will return any such Confidential Material provided to me and will not retain any copies of Confidential Material, including any notes or other documents generated that include any content from the Confidential Material, pursuant to the terms of the Protective Order.

I hereby consent to the jurisdiction of the Court with regard to any proceedings to enforce the terms and conditions of this Protective Order.

Name:_____        Date:_____
           (signature)

Name:_____        Telephone:_____
           (printed)                     (Business)

Company:_____       _____
                                       (Home)

                                 _____
                                        (Cell)

Address:_____

City:_____

State/Zip Code:_____